No. 20-0221

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

UNITED STATES OF AMERICA,

Appellee,

v.

KENNETH GRAHAM,

Appellant.

---

*Appeal from the United States District Court for the*
*District of Maryland, Northern Division*
*The Honorable Ellen L. Hollander, U.S. District Judge*

---

BRIEF OF APPELLEE
UNITED STATES OF AMERICA

---

**Erek L. Barron**
**United States Attorney**

**Jonathan S. Tsuei**
**Special Assistant United States Attorney**

**36 S. Charles Street, Fourth Floor**
**Baltimore, Maryland 21201**
**Phone: (410) 209-4800**

November 14, 2022          *Attorneys for the Appellee*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………………..ii

STATEMENT OF JURISDICTION..................................................................1

STATEMENT OF THE ISSUE.......................................................................1

STATEMENT OF FACTS ..............................................................................1

SUMMARY OF ARGUMENT .......................................................................6

STANDARD OF REVIEW .............................................................................7

ARGUMENT ..................................................................................................7

      I.     This Court's decision in *In re Thomas*, 988 F.3d 783 (4th Cir. 2021) establishes that the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), constitutes a new rule of constitutional law made retroactive to cases on collateral review that was previously unavailable to Graham…………………………………………………..7

      II.    28 U.S.C. § 2244(b)(1)'s bar on claims presented in second or successive habeas corpus applications that were presented in prior applications for relief does not bar Graham's § 2255 motion…………9

CONCLUSION.............................................................................................13

STATEMENT WITH RESPECT TO ORAL ARGUMENT .................................14

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

i

# TABLE OF AUTHORITIES

## CASES

*Avery v. United States*,
    140 S. Ct. 1080 (2020) ...........................................................11, 12

*Gallagher v. United States*,
    711 F.3d 315 (2d Cir. 2013) ...........................................................10

*In re Baptiste*,
    828 F.3d 1337 (11th Cir. 2016) .....................................................11

*In re Bourgeois*,
    902 F.3d 446 (5th Cir. 2018) .........................................................10

*In re Bradford*,
    830 F.3d 1273 (11th Cir. 2016) .....................................................11

*In re Thomas*,
    988 F.3d 783 (4th Cir. 2021) .......................................................6, 9

*In re Vassell*,
    751 F.3d 267 (4th Cir. 2014) ...........................................................8

*Johnson v. United States*,
    135 S. Ct. 2551 (2015) ...........................................................3, 6, 12

*Jones v. United States*,
    36 F.4th 974 (9th Cir. 2022) .........................................................11

*Rehaif v. United States*,
    139 S. Ct. 2191 (2019) ...................................................................4

*Sessions v. Dimaya*,
    138 S. Ct. 1204 (2018) ...........................................................3, 6, 12

ii

*Taylor v. Gilkey,*
    314 F.3d 832 (7th Cir. 2002)...........................................................10

*United States v. Davis,*
    139 S. Ct. 2319 (2019) ..........................................................*passim*

*United States v. Graham,*
    643 F. App'x 268 (4th. Cir. 2016) ...................................................2

*United States v. Taylor,*
    142 S. Ct. 2015 (2022) ...............................................................4, 5

*United States v. Winestock,*
    340 F.3d 200 (4th Cir. 2003).........................................................7

*United States v. Winkelman,*
    746 F.3d 134 (3d Cir. 2014) ........................................................10

*Williams v. United States,*
    927 F.3d 427 (6th Cir. 2019)........................................................11

*Winarske v. United States,*
    913 F.3d 765 (8th Cir. 2019)........................................................10

## FEDERAL STATUTES

18 U.S.C. § 16(b) ..............................................................................3

18 U.S.C. § 922(g) ........................................................................2, 4

18 U.S.C. § 924(c) ..................................................................*passim*

18 U.S.C. § 924(e) ............................................................................3

18 U.S.C. § 1951(a) ..........................................................................2

iii

28 U.S.C. § 2244 ................................................................*passim*

28 U.S.C. § 2254 .................................................................9, 10, 11

28 U.S.C. § 2255 ................................................................*passim*

iv

## STATEMENT OF JURISDICTION

Appellant Kenneth Graham has filed a motion for authorization to file a second or successive 28 U.S.C. § 2255 motion. Graham seeks to raise a challenge to his 18 U.S.C. § 924(c) conviction in the district court (Ellen L. Hollander, J.) based on the Supreme Court's ruling in *United States v. Davis*, 139 S. Ct. 2319 (2019). This Court has jurisdiction over Graham's motion for authorization pursuant to 28 U.S.C. §§ 2244(b)(3)(A) and 2255(h)(2).

## STATEMENT OF THE ISSUES

(1)      Whether the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), constitutes a new rule of constitutional law made retroactive to cases on collateral review that was previously unavailable.

(2)      Whether 28 U.S.C. § 2244(b)(1)'s bar on claims presented in a second or successive habeas corpus application that were previously presented in a prior application bars Graham's motion to vacate filed pursuant to 28 U.S.C. § 2255.

## STATEMENT OF FACTS

### A. Procedural history

On June 5, 2014, Graham was charged in a three-count Superseding Indictment with, one count of attempted interference with interstate commerce by

robbery, in violation of 18 U.S.C. § 1951(a) (Count One) (attempted Hobbs Act robbery), one count of possessing and discharging a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Two), and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Three). JA 16-19 (Superseding Indictment).

On February 13, 2015, a jury found Graham guilty of Counts One, Two, and Three of the Superseding Indictment. JA 20-21 (Verdict Form).

At Graham's sentencing on May 27, 2015, the district court sentenced Graham to a total term of 382 months' imprisonment, consisting of 240 months as to Count One and 262 months as to Count Three, to run concurrently, and 120 months as to Count Two, to run consecutive to all other counts. JA 22-23 (Judgment and Commitment Order).

Graham filed a notice of appeal of his conviction and sentence on June 3, 2015. JA 28. On April 4, 2016, this Court denied Graham's appeal and affirmed his conviction and sentence. JA 29, 30-36 (*United States v. Graham*, 643 Fed. Appx. 268 (4th Cir. 2016)).

On February 16, 2018, Graham filed a letter inquiring about the timeliness of a motion to vacate and requesting a copy of the criminal docket sheet, which the

2

district court construed as a motion to vacate pursuant to 28 U.S.C. § 2255. JA 13, D.Ct. ECF No. 172. On March 26, 2018, Graham filed a supplement to his § 2255 motion to vacate, raising various collateral claims. JA 35-46. The Government responded in opposition on May 15, 2018. JA 13, D.Ct. ECF No. 176. Graham filed a reply and an additional supplement on July 9 and August 16, 2018, respectively. JA 13, D.Ct. ECF Nos. 179, 180. On October 16, 2018, the district court denied Graham's motion and supplemental motions to vacate on timeliness grounds. JA 47-51.

On April 25, 2019, Graham filed a motion for authorization to file a second or successive § 2255 motion on the ground that he was entitled to vacatur of his § 924(c) conviction based on the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015)[1] and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018)[2] (hereinafter, the "first motion for authorization"). JA 52-62. On August 20, 2019,

---

[1] In *Johnson*, the Supreme Court held that the residual clause portion of the ACCA's definition for "violent felony," at 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. 135 S. Ct. at 2557-58.

[2] In *Dimaya*, the Supreme Court held that the rule established in *Johnson* also rendered the residual clause contained in 18 U.S.C. § 16(b)'s definition of a "crime of violence" unconstitutionally vague. 138 S. Ct. at 1204.

this Court entered an Order denying authorization to the district court to consider a second or successive application for relief under § 2255. JA 63.

On April 27, 2020, Graham filed a *pro se* motion for authorization to file a second or successive § 2255 motion based on the Supreme Court's ruling in *United States v. Davis*, 139 S. Ct. 2319 (2019),[3] and *Rehaif v. United States*, 139 S. Ct. 2191 (2019).[4] ECF No. 2. On February 18, 2021, Graham filed a supplement to his motion for authorization based on *Davis*. ECF No. 13.

On October 5, 2021, this Court entered an Order holding Graham's motion and supplemental motion for authorization based on *Davis* in abeyance pending the Supreme Court's decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022). ECF No. 15. On June 21, 2022, the Supreme Court issued its ruling in *Taylor*, holding that attempted Hobbs Act robbery does not qualify as a "crime of violence," as it is defined in § 924(c)(3)(A)'s elements clause. *Id*. Thereafter, this Court ordered formal briefing from the parties on Graham's motion for authorization based on

---

[3] In *Davis*, the Supreme Court held that the residual clause definition of a "crime of violence," contained in 18 U.S.C. § 924(c)(3)(B), was unconstitutionally vague. *Davis*, 139 S. Ct. at 2336.

[4] In *Rehaif*, the Supreme Court held that 18 U.S.C. § 922(g) requires the government to prove that the defendant had knowledge of his prohibited status.

4

*Davis* and *Taylor*, and further directed the parties to address the applicability of 28 U.S.C. § 2244(b)(1) to Graham's pending motion for authorization. ECF No. 17.

On September 12, 2022, Graham filed his opening brief in support of his motion for authorization pursuant to § 2255. ECF No. 21. In his opening brief, Graham challenges his § 924(c) conviction in light of *Davis*. *Id*. Graham first contends that *Davis* satisfies the requirements of § 2255(h)(2) because it is a new rule of constitutional law made retroactive by the Supreme Court that was previously unavailable to him. *Id*. at 11-12. He further contends that in light of *Davis*, his § 924(c) conviction must be vacated because it is predicated on attempted interference with interstate commerce by robbery (attempted Hobbs Act robbery), which is not a qualifying predicate "crime of violence" under § 924(c)(3)(A) pursuant to the Supreme Court's decision in *Taylor*. *Id*. at 12.

In addition, Graham argues that this Court has jurisdiction to authorize his second or successive § 2255 motion because § 2244(b)(1)'s bar on successive claims is not applicable to motions filed pursuant to § 2255. *Id*. at 12-21. Graham further submits that even if § 2244(b)(1) is applicable to § 2255 motions, the provision does not preclude authorization in the instant case because Graham has not previously presented a *Davis*-based claim for relief.

5

## SUMMARY OF ARGUMENT

This Court has authority to grant Graham's application and authorize a second or successive § 2255 motion. The instant petition satisfies the requirements for filing a second or successive motion set forth in 28 U.S.C. § 2255(h). This Court has determined that *Davis* is a new rule of constitutional law made retroactive to cases on collateral review that was previously unavailable to defendants. *See In re Thomas*, 988 F.3d 783 (4th Cir. 2021) (concluding that "*Davis* announced a new substantive rule of constitutional law that has been made retroactive to cases on collateral review by the Supreme Court and that was previously unavailable [to Thomas].")

In addition, the United States takes the position that this Court has jurisdiction to authorize Graham's second or successive § 2255 motion because § 2244(b)(1)'s bar on successive claims does not apply to motions filed pursuant to § 2255. Furthermore, although Graham previously moved for authorization pursuant to the Supreme Court's decisions in *Johnson* and *Dimaya*, he has not previously moved for § 2255 relief based on the *Davis* ruling.

**STANDARD OF REVIEW**

A movant seeking to file a successive motion under 28 U.S.C. § 2255 must first seek permission from the court of appeals. *See* 28 U.S.C. § 2244(b)(3)(A); *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003). Thus, the standards governing when a movant may obtain permission to file a successive § 2255 are applied by this Court in the first instance. Those standards are discussed more fully below.

**ARGUMENT**

I.  **The Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), constitutes a new rule of constitutional law made retroactive to cases on collateral review that was previously unavailable to Graham.**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, a federal prisoner may obtain collateral review of his conviction or sentence under 28 U.S.C. § 2255 on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Subject to procedural limitations, a federal prisoner may file a single motion under § 2255 that asserts any of the above grounds for collateral

7

relief. *See id*. However, if a federal prisoner wants to file a second or successive §

2255 motion, it "must be certified as provided in section 2244 by a panel of the

appropriate court of appeals to contain" either "newly discovered evidence" that

strongly indicates factual innocence, 28 U.S.C. § 2255(h)(1), or "a new rule of

constitutional law, made retroactive to cases on collateral review by the Supreme

Court, that was previously unavailable," 28 U.S.C. § 2255(h)(2). *See* 28 U.S.C. §

2244(b)(3)(A).

Under § 2255(h), the movant is required to make a prima facie showing that

his proposed § 2255 motion contains either:

> (1) newly discovered evidence that, if proven and viewed in light of the
> evidence as a whole, would be sufficient to establish by clear and
> convincing evidence that no reasonable factfinder would have found
> the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on
> collateral review by the Supreme Court, that was previously
> unavailable.

28 U.S.C. § 2255(h); *see In re Vassell*, 751 F.3d 267, 269 (4th Cir. 2014).

In the instant case, Graham filed a *pro se* motion and supplemental motion for

authorization to file a second or successive § 2255 based on the ruling in *Davis*, in

which the Supreme Court held that the residual clause portion of 18 U.S.C. §

924(c)(3)[5] is unconstitutionally void for vagueness. 139 S. Ct. at 2336 ("We agree with the court of appeals' conclusion that § 924(c)(3)(B) is unconstitutionally vague."). ECF Nos. 2, 13. Pursuant to this Court's ruling in *In re Thomas*, "*Davis* announced a new substantive rule of constitutional law that has been made retroactive to cases on collateral review by the Supreme Court and that was previously unavailable [to defendants]." 988 F.3d at 790. Accordingly, Graham has made the required prima facie showing that his proposed § 2255 motion satisfies the requirements set forth in § 2255(h).

## II.    28 U.S.C. § 2244(b)(1)'s bar on claims presented in second or successive habeas corpus applications that were presented in prior applications for relief does not bar Graham's § 2255 motion.

Under 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior

---

[5] Section 924(c) prohibits using or carrying a firearm or destructive device "during and in relation to," or possessing a firearm or destructive device "in furtherance of," any federal "crime of violence or drug trafficking crime." § 924(c)(1)(A). According to § 924(c)(3), a crime of violence is defined as "an offense that is a felony" and "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or *(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.*" § 924(c)(3) (emphasis added).

application shall be dismissed." 28 U.S.C. § 2244(b)(1). Graham contends that §
2244(b)(1) does not divest this Court of jurisdiction to authorize his second or
successive § 2255 motion because § 2244(b)(1) applies only to § 2254 (state
custody) claims. ECF No. 17 at 12-23.

This Court has not decided whether the bar set forth in § 2244(b)(1) applies
to second or successive applications filed under § 2255. The federal appellate courts
that have decided that question are split on the issue. The majority of circuits—the
Second, Third, Fifth, Seventh, Eighth, and Eleventh Circuits—have held that §
2244(b)(1) applies to successive § 2255 motions because § 2255(h) expressly
incorporates § 2244. *See Gallagher v. United States*, 711 F.3d 315 (2d Cir. 2013)
(applying § 2244(b)(1) to motions under § 2255); *United States v. Winkelman*, 746
F.3d 134, 135-36 (3d Cir. 2014) (same); *In re Bourgeois*, 902 F.3d 446, 447 (5th
Cir. 2018) ("§ 2244(b)(1)'s strict relitigation bar is incorporated by 28 U.S.C. §
2255(h), the provision governing a federal prisoner's successive § 2255 motions.");
*Taylor v. Gilkey*, 314 F.3d 832, 836 (7th Cir. 2002) (reading § 2244(b)(1) to include
successive claims made pursuant to § 2255); *Winarske v. United States*, 913 F.3d
765, 768-69 (8th Cir. 2019) (finding that the district court was correct in denying the
defendant's second § 2255 motion based on § 2244(b)(1)'s prohibition on second or

10

successive habeas applications); *In re Bradford*, 830 F.3d 1273, 1275–76 (11th Cir. 2016) (holding that § 2255 "expressly tells us to incorporate the certification provisions of § 2244 that are contained in § 2244(b)"); *In re Baptiste*, 828 F.3d 1337, 1340 (11th Cir. 2016) (same).

The Sixth and Ninth Circuits, on the other hand, have held that § 2244(b)(1) does not apply to successive § 2255 motions. *See Williams v. United States*, 927 F.3d 427, 434 (6th Cir. 2019) (holding that § 2244(b)(1) applies exclusively to state custody claims filed pursuant to § 2254 and does not apply to federal prisoners seeking relief pursuant to § 2255); *Jones v. United States*, 36 F.4th 974, 981 (9th Cir. 2022) ("The plain text of § 2244(b)(1) by its terms applies only to state prisoners' applications "under section 2254"—not federal prisoners' motions under § 2255."). *See also Avery v. United States,* 140 S. Ct. 1080, 1080-81 (2020) (Kavanaugh, J., statement respecting denial of certiorari) ("The text of [§ 2244(b)(1)] covers only applications filed by state prisoners under § 2254.").

In its brief in opposition to the petition for writ of certiorari in *Avery*, *supra*, the United States took the position that "[b]ecause Congress . . . limited Section 2244(b)(1) to successive habeas applications by state prisoners, Section 2244(b)(1) does not, in itself, directly apply to federal prisoners who file successive Section

11

2255 motions." *Avery*, No. 19-633, 2020 WL 832390, at *8 (U.S. Jan. 29, 2020) ("The court of appeals' conclusion that Section 2244(b)(1) applies directly to petitioner's second Section 2255 motion is therefore inconsistent with the text of Section 2244."). The United States takes the same position in this case with regard to the applicability of § 2244(b)(1) to successive motions made pursuant to § 2255.

Nevertheless, this Court need not address the aforementioned circuit split in the instant case because Graham has not previously moved for § 2255 relief pursuant to *Davis*. Indeed, Graham previously moved for authorization of a second or successive § 2255 motion based on the Supreme Court's decisions in *Johnson* and *Dimaya*. That motion for authorization was filed on April 25, 2019, before *Davis* was decided, and this Court entered an Order denying authorization to the district court to consider that motion on August 20, 2019. JA 52-62, 63. Neither Graham's first motion for authorization, nor this Court's Order denying that motion contained any discussion of *Davis*. Accordingly, § 2244(b)(1) is not applicable here because Graham has not previously presented a *Davis*-based claim in a prior application for § 2255 relief.

12

## CONCLUSION

For the reasons stated herein, this Court should grant Graham's application and authorize a second or successive § 2255 motion.

Respectfully submitted,

Erek L. Barron
United States Attorney

_____/s/_____
Jonathan S. Tsuei
Special Assistant United States Attorney

November 14, 2022

13

## STATEMENT WITH RESPECT TO ORAL ARGUMENT

The United States respectfully suggests that oral argument is not necessary in this case.

## CERTIFICATE OF COMPLIANCE

1.  This brief has been prepared using:

    **Microsoft Word, Times New Roman, 14 Point**

2.  EXCLUSIVE of the corporate disclosure statement; table of contents; table of
    citations; statement with respect to oral argument; any addendum containing
    statutes, rules, or regulations, and the certificate of service, the brief contains
    2,684 words.

    I understand that a material misrepresentation can result in the Court's striking
    the brief and imposing sanctions. If the Court so directs, I will provide an electronic
    version of the brief and/or a copy of the word or line print-out.


                                  _____/s/_____
                                  Jonathan S. Tsuei
                                  Special Assistant United States Attorney


15

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14th day of November 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

James Wyda
*Federal Public Defender*
*For the District of Maryland*

Paresh Patel, Esq.
*Assistant Federal Public Defender*
6411 Ivy Lane, Suite 710
Greenbelt, Maryland 20770
(301) 344-0600

/s/
Jonathan S. Tsuei
Special Assistant United States Attorney

16