No. 20-221

_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRUIT**

_____

**IN RE KENNETH GRAHAM,**

**Movant.**

_____

**MOVANT'S OPENING BRIEF
IN SUPPORT OF MOTON FOR AUTHORIZATION
PURSUANT TO 28 U.S.C. § 2255(h)(2)**

_____

Respectfully submitted,

JAMES WYDA
Federal Public Defender,
District of Maryland


PARESH S. PATEL
Assistant Federal Public Defender
6411 Ivy Lane, Ste. 710
Greenbelt, Maryland 20770
Phone: (301) 344-0600
Facsimile: (301) 344-0019
Email: paresh_patel@fd.org

# TABLE OF CONTENTS

Table of Authorities.................................................................................iv

Introduction............................................................................................1

Statement of Jurisdiction.......................................................................5

Statement of the Issues..........................................................................6

Statement of the Case............................................................................6

    A.    Conviction and Sentencing ......................................................6

    B.    Direct Appeal..........................................................................7

    C.    Previous 28 U.S.C. § 2255 Proceedings .................................7

    D.    Current Application for Leave to File a Successive Motion
        Under 28 U.S.C. § 2255(h)(2)..................................................8

Summary of the Argument .....................................................................9

Argument...............................................................................................11

I.    Mr. Graham's motion for authorization to file a successive
     motion under 28 U.S.C. § 2255(h)(2) should be granted because
     *United States v. Davis* announced a new rule of constitutional
     law made retroactive by the Supreme Court that was
     previously unavailable ................................................................11

II.    28 U.S.C. § 2244(b)(1) does not bar this Court from granting
     Mr. Graham's application for authorization to file a successive
     § 2255 motion ...........................................................................12

A.   Section 2244(b)(1) only bar claims previously presented by state prisoners in applications for successive habeas corpus relief under 28 U.S.C. § 2254 ................................... 12

1.   The cross-reference in § 2255(h) to § 2244 cannot be sensibly read to include § 2244(b)(1) .......................... 16

2.   Policy reasons do not counsel in favor of applying § 2244(b)(1) to § 2255 motions ...................................... 21

B.   Section 2244(b)(1) does not preclude authorization of Mr. Graham's successive § 2255 motion because he has not presented the same claim twice ........................................... 23

Conclusion .......................................................................................... 25

Certificate of Compliance

Certificate of Service

iii

## <u>TABLE OF AUTHORITIES</u>

## <u>CASES</u>

*Avery v. United States,* 140 S. Ct. 1080 (2020) .................................. 13, 14

*Avery*, 2020 WL 832390 (U.S. Jan. 29, 2020) ......................................... 14

*Coleman v. Thompson*, 501 U.S. 722 (1991) ........................................... 21

*Gallagher v. United States*, 711 F.3d 315 (2d Cir. 2013)........................ 15

*In re Baptise,* 828 F.3d 1337 (11th Cir. 2016)........................................ 15

*In re Bourgeois*, 902 F.3d 446 (5th Cir. 2018)........................................ 15

*In re Hammoud*, 931 F.3d 1032 (11th Cir. 2019) ................................... 24

*In re Hubbard*, 825 F.3d 225 (4th Cir. 2016) ......................................... 10

*In re Thomas*, 988 F.3d 783 (4th Cir. 2021)................................. 4, 11, 24

*Johnson v. United States,* 576 U.S. 591 (2015).............................. *passim*

*Jones v. United States,* 36 F.4th 974 (9th Cir. 2022)..................... *passim*

*Loughlin v. United States*, 573 U.S. 351 (2014)...................................... 17

*McCleskey v. Zant*, 499 U.S. 467 (1991).................................................. 21

*Moore v. United States*, 871 F.3d 72 (1st Cir. 2017).............................. 13

*Rehaif v. United States*, __U.S.__, 139 S. Ct. 2191 (2019) .................. 1, 8

*Russello v. United States,* 464 U.S. 16 (1983)........................................ 18

*Sessions v. Dimaya*, __U.S.__, 138 S. Ct. 1204 (2018)................... *passim*

iv

*Shomberg v. United States*, 348 U.S. 540 (1995) .................................... 19

*Stanko v. Davis,* 617 F.3d 1262 (10th Cir. 2010) ................................... 14

*Taylor v. Gilkey*, 314 F.3d 832 (7th Cir. 2002) ...................................... 16

*United States v. Davis*, __U.S.__, 139 S. Ct. 2319 (2019) .............. *passim*

*United States v. Graham*, 643 Fed. Appx. 268 (4th Cir. 2016) ............... 7

*United States v. MacDonald*, 641 F.3d 596 (4th Cir. 2011) .................. 13

*United States v. Taylor*, __U.S.__, 141 S. Ct. 2882 (2021) ....... 3, 8, 10, 12

*United States v. Williams*, 330 F.3d 277 (4th Cir. 2003).............. 9, 10, 13

*United States v. Winestock*, 340 F.3d 200 (4th Cir. 2003) ..................... 13

*United States v. Winkleman*, 763 F.3d 134 (3d Cir. 2014) .................... 15

*White v. United States,* 371 F.3d 900 (7th Cir. 2004) ............................ 15

*Williams v. United States,* 974 F.3d 427 (6th Cir. 2019)............... *passim*

*Winarske v. United States*, 913 F.3d 765 (8th Cir. 2019) ...................... 15

## STATUTES

18 U.S.C. § 16 ........................................................................................ 7

18 U.S.C. § 922(g) ........................................................................... 1, 6, 8

18 U.S.C. § 924(c) ............................................................................ *passim*

18 U.S.C. § 924(e) .......................................................................... 7

18 U.S.C. § 1951 ........................................................................ 2, 6

28 U.S.C. § 2244(b) ............................................................... *passim*

28 U.S.C. § 2254 ..................................................................... *passim*

28 U.S.C. § 2255 ..................................................................... *passim*

Movant, Kenneth Graham, through undersigned counsel, files this formal brief in support of his motion for authorization to file a successive motion under 28 U.S.C. § 2255(h)(2).  His motion for authorization is predicated on two grounds.

First, he seeks to challenge his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) in light of *Rehaif v. United States*, __U.S.__, 139 S. Ct. 2191 (2019).  Second, he seeks to challenge his conviction for using a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c) in light of *United States v. Davis*, __U.S.__, 139 S. Ct. 2319 (2019).

Mr. Graham's formal brief here will only address the *Davis* claim.

## INTRODUCTION

On February 13, 2015, Mr. Graham was convicted of one count of using a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c) (Count Two).[1]  Specifically, the underlying "crime of violence" for the § 924(c) charge was attempted

___

[1]     Mr. Graham was also convicted of other charges as further discussed below in the procedural history.

1

Hobbs Act robbery in violation of 18 U.S.C. § 1951.  However, post-*Davis,* attempted Hobbs Act robbery categorically fails to qualify as a "crime of violence."   Therefore, Mr. Graham's § 924(c) conviction is void.

The relevant portion of § 924(c) defining a "crime of violence" has two clauses.  The first clause—§ 924(c)(3)(A)—is commonly referred to as the force clause.  The other—§ 924(c)(3)(B)—is commonly referred to as the residual clause.[2]  In *Davis*, 139 S. Ct. 2319, the Supreme Court held that the residual clause of the § 924(c) "crime of violence" definition is unconstitutionally void.

---

[2]     Under § 924(c)(3), "crime of violence" is defined as follows:

(3)     For purposes of this subsection, the term "crime of violence" means an offense that is a felony and

    (A)     has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

    (B)     that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

2

Because the § 924(c) residual clause is unconstitutionally void under *Davis,* Mr. Graham's attempted Hobbs Act robbery offense cannot qualify as a "crime of violence" under the § 924(c) residual clause.

Likewise, as the Supreme Court recently held in *United States v. Taylor*, __U.S.__, 141 S. Ct. 2882 (2021), attempted Hobbs Act robbery categorically fails to qualify as a "crime of violence" under the remaining § 924(c) force clause because it can be committed by an *attempted* threat of force, whereas the § 924(c) force clause requires an *actual* threat of force. *Id.* at 209. Due to this mismatch, the "crime of violence" element of § 924(c) cannot be satisfied here, and a conviction cannot be constitutionally sustained under the statute.

As a result, Mr. Graham's § 924(c) conviction 1) violates due process and 2) violates the United States laws and results in a fundamental miscarriage of justice.

Mr. Graham urges this Court to authorize a successive § 2255 motion so that he can pursue the above-described *Davis* claim in district court. Because Mr. Graham has previously pursued a collateral attack on his conviction and sentence, he must first seek authorization from

this Court.  28 U.S.C. § 2244(b)(3).  This Court may "certify as provided in Section 2244" the filing of a second or successive motion when the petitioner makes a "prima facing showing" that his or her proposed claim "contain[s]" a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h)(2); 28 U.S.C. § 2244(b)(3).

Because *Davis* announced a new substantive rule of constitutional law that has been made retroactive by the Supreme Court and was previously unavailable, this Court should authorize a successive § 2255 motion.  Indeed, this Court held exactly as such in *In re Thomas*, 988 F.3d 783, 790 (4th Cir. 2021).

28 U.S.C. § 2244(b)(1) does not dictate otherwise.  This provision provides that "a claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."  Section 2244(b)(1) does not bar relief here for two reasons.

*First*, as the Sixth and Ninth Circuits have held (upon the government's concession) § 2244(b)(1) only applies to state prisoners

4

seeking to file a successive petition under 28 U.S.C. § 2254—not federal
prisoners seeking to file a successive petition under 28 U.S.C. § 2255.
*See Jones v. United States,* 36 F.4th 974, 982-84 (9th Cir. 2022);
*Williams v. United States,* 974 F.3d 427, 434-36 (6th Cir. 2019).

*Second*, even assuming arguendo that § 2244(b)(1) applies to §
2255 claims, it does not bar relief here because Mr. Graham did not
present a *Davis* claim in his previous application for § 2255 relief.
Rather, he only previously applied for § 2255 relief based on *Johnson v.
United States,* 576 U.S. 591 (2015) and *Sessions v. Dimaya*, __U.S.__,
138 S. Ct. 1204 (2018).  Therefore, § 2244(b)(1) is inapposite as applied
here.

## STATEMENT OF JURISDICTION

This Court has jurisdiction over this motion for an order
authorizing the district court to consider a second or successive 28
U.S.C. § 2255 motion pursuant to 28 U.S.C. §§ 2244(b)(3)(A) and
2255(h)(2).

5

## STATEMENT OF THE ISSUES

1.      Does Mr. Graham's motion for authorization of a second or successive motion under 28 U.S.C. § 2255(h)(2) rely on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable?

2.      Does 28 U.S.C. § 2244(b)(1), which bars a claim previously made in an application for successive habeas corpus relief under 28 U.S.C. § 2254, apply to Mr. Graham's § 2255 case?

## STATEMENT OF THE CASE

### A.    Conviction and sentencing

On February 12, 2015, Mr. Graham was convicted of one count of using a firearm during and in relation to a "crime of violence" (specifically the attempted Hobbs Act robbery noted above) in violation of 18 U.S.C. § 924(c) (Count Two), one count of attempted Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) (Count One), and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (Count Three).  JA16-19.  On May 27, 2015, the district court sentenced Mr. Graham to a concurrent term of 240 months' imprisonment on Count One and 262 months' imprisonment on Count Three, and a consecutive term of 120 months' imprisonment on Count Two.  JA23.

6

**B.    Direct appeal**

On June 3, 2015, Mr. Graham filed a notice of appeal challenging his conviction. JA28. On April 4, 2016, this Court denied Mr. Graham's appeal and affirmed his conviction. *United States v. Graham*, 643 Fed. Appx. 268 (4th Cir. 2016). JA29.

**C.    Previous 28 U.S.C. § 2255 proceedings**

On March 26, 2018, Mr. Graham filed his first 28 U.S.C. § 2255 motion on various grounds. JA37. On October 16, 2018, the district court denied Mr. Graham's motion upon finding that it was time barred. JA47.

On April 25, 2019, Mr. Graham filed a motion for authorization to file a successive § 2255 motion on the ground that his § 924(c) conviction was void under *Johnson v. United States*, 576 U.S. 591 (2015) and *Sessions v. Dimaya,* __U.S.__, 138 S. Ct. 1204 (2018). JA52. *Johnson* held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally void. *Id.* And *Dimaya* extended *Johnson* to find that the residual clause under 18 U.S.C. § 16 was unconstitutionally void. However, this Court

7

summarily denied Mr. Graham's authorization motion on August 20, 2019.  JA63.

### D.    Current application for leave to file a successive motion under 28 U.S.C. § 2255(h)(2)

On April 27, 2020, Mr. Graham filed another *pro se* motion for authorization to file a successive § 2255 motion based on *Davis*, 139 S. Ct. 2319 (in which the Supreme Court held that the residual clause in the § 924(c) "crime of violence" definition was unconstitutionally void) and *Rehaif*, 139 S. Ct. 2191 (in which the Supreme Court held that 18 U.S.C. § 922(g) requires the government to prove knowledge of the defendant's prohibited status).  ECF Nos. 2.  On February 18, 2021, undersigned counsel supplemented Mr. Graham's motion on the *Davis* claim.  ECF No. 13.

Thereafter, this Court entered an order holding this case in abeyance pending the Supreme Court's decision in *Taylor*.  ECF No. 15. After *Taylor*, 141 S. Ct. 2882, issued holding that a § 924(c) conviction predicated on attempted Hobbs Act robbery is void, this Court entered an order directing Mr. Graham to file a formal brief in this case.  ECF No. 17.  In this order, the Court directed counsel to address the

8

relevance, if any, of 28 U.S.C. § 2244(b)(1), which requires dismissal of a claim previously filed in an application for second or successive habeas corpus relief under 28 U.S.C. § 2254.  ECF No. 17.

## SUMMARY OF THE ARGUMENT

The gatekeeping provision of the Antiterrorism and Effective Death Penalty Act (AEDPA), set forth in § 2255(h)(2), requires a prisoner to make a prima facie showing that the § 2255 motion he plans to file contains (1) a new rule (2) of constitutional law (3) made retroactive to cases on collateral review (4) by the Supreme Court (5) that was previously unavailable.  28 U.S.C. § 2255(h)(2).

This Court has specified that "prima facie showing" means "simply a sufficient showing of possible merit to warrant a fuller exploration by the district court." *United States v. Williams*, 330 F.3d 277, 281 (4th Cir. 2003) (citation omitted).  To be clear, the "showing of possible merit" does not refer to the merits of the claims asserted in the petition. *Id.* at 282.  Rather, this standard only "relates to the possibility" that the gatekeeping "requirements for the filing of a second or successive petition" under § 2255(h)(2) will be satisfied.  *Id.*  In other words, an

9

applicant need only make a prima facie showing that the § 2255(h)(2) standard is met—not a prima facie showing that his substantive claim has merit. *Id.* While this determination "may entail a cursory glance at the merits . . . the focus of the inquiry must always remain on the [§ 2255(h)(2)] standards." *Williams*, 330 F.3d at 282. This means that, at most, the petitioner must show that he has a "plausible" claim on the merits—"a relatively low bar." *In re Hubbard*, 825 F.3d 225, 230-31 (4th Cir. 2016).

As explained below, Mr. Graham easily satisfies the gatekeeping requirements of § 2255(h)(2). And on the merits, Mr. Graham has far more than a plausible claim. In fact, in *Taylor*, 141 S. Ct. 2882, the Supreme Court squarely held that a § 924(c) conviction based on an underlying attempted Hobbs Act robbery offense—the exact offense for which Mr. Graham was convicted—is now void under the remaining § 924(c) force clause. Therefore, Mr. Graham's § 2255 motion must be authorized.

And 28 U.S.C. § 2244(b)(1) does not dictate otherwise because it only bar claims previously presented in applications for successive

10

habeas corpus relief for state prisoners under 28 U.S.C. § 2254. In any
event, the provision does not apply here because Mr. Graham did not
present a *Davis* claim in his previous application for successive § 2255
relief.

## ARGUMENT

I.  **Mr. Graham's motion for authorization to file a successive
    motion under 28 U.S.C. § 2255(h)(2) should be granted
    because *United States v. Davis* announced a new rule of
    constitutional law made retroactive by the Supreme Court
    that was previously unavailable.**

Mr. Graham squarely satisfies the gatekeeping requirements of 28
U.S.C. § 2255(h)(2) because in *In re Thomas,* 988 F.3d 783, 790 (4th Cir.
2021), this Court held that *Davis* announced a new rule of
constitutional law made retroactive to cases on collateral review by the
Supreme Court.

Further, the Court held that the rule announced in *Davis* voiding
the § 924(c) residual clause was previously unavailable to Mr. Thomas
because "[t]he last time [he] challenged his conviction in federal court
was when he filed his first pre-filing motion for authorization in March
2019," but "*Davis* was not decided until several months later." *Id.*

11

Likewise, the last time Mr. Graham challenged his conviction in federal court before the current case was when he filed his previous motion for authorization of a successive § 2255 motion in April 2019—also before *Davis* was decided. Therefore, *Davis* was previously unavailable to him.

Because Mr. Graham satisfies the gatekeeping requirement of § 2255(h)(2) and his § 924(c) conviction is clearly void after *Davis* and *Taylor*, this Court must authorize his successive § 2255 petition.

## II.    28 U.S.C. § 2244(b)(1) does not bar this Court from granting Mr. Graham's application for authorization to file a successive § 2255 motion.

### A.    Section 2244(b)(1) only bars claims previously presented by state prisoners in applications for successive habeas corpus relief under 28 U.S.C. § 2254.

Section 2255(h)(2) specifies that "[a] second or successive motion must be certified as provided in 2244." 28 U.S.C. § 2255(h). Section 2244(b)(1), in turn, states that "[a] claim presented in a second or successive habeas corpus application under *section 2254* that was presented in a prior application shall be dismissed." *Id.* (emphasis added).

12

Based on the plain text of § 2244(b), the Sixth and Ninth Circuits (upon the government's concession), have held that the provision only mandates the dismissal of claims asserted in a repetitive "habeas corpus application under section 2254"—not an application under § 2255. In other words, § 2244(b)(1) does not govern § 2255 motions. *See Jones*, 36 F.4th at 982-84; *Williams*, 927 F.3d at 434-46.

This Court and others have gestured in the same direction even though they did not conclusively decide the issue. *See United States v. Winestock*, 340 F.3d 200, 204-05, 208 (4th Cir. 2003) (noting that § 2244(b)(1) "is limited by its terms to § 2254 applications," but not definitively deciding whether § 2244(b)(1) applies to § 2255 motions).[3] *Moore v. United States*, 871 F.3d 72, 78 (1st Cir. 2017) (§ 2241(b)(1) "only appear[s] to apply to § 2254 motions by [its] terms"); *see also Avery v. United States,* 140 S. Ct. 1080, 1080-81 (2020) (Kavanaugh, J., statement respecting denial of certiorari) ("The text of" § 2244(b)(1)

---

[3]    *See also United States v. MacDonald*, 641 F.3d 596, 614 n. 9 (4th Cir. 2011) (recognizing that "it is an open issue in this Circuit . . . whether § 2244(b)(1) applies to successive claims presented in second or successive § 2255 applications").

13

"covers only applications filed by state prisoners under § 2254.")[4]; *cf.*
*Stanko v. Davis,* 617 F.3d 1262, 1269 n.5 (10th Cir. 2010) (concluding
that because § 2244(b)(1) and (2) "concern only habeas corpus
application[s] under § 2254," they do not apply to habeas petitions
under § 2241).

This Court should now join the Sixth and Ninth Circuits because
"[w]ith regard to § 2244(b)(1), we start and end with the text."
*Williams*, 927 F.3d at 434. A § 2255 motion cannot possibly qualify as a
"habeas corpus application *under section 2254."* 28 U.S.C. § 2244(b)(1)
(emphasis added). Section 2254, by its terms, provides a statutory
remedy for persons "in custody pursuant to the judgment of a State
court," 28 U.S.C. § 2254(b)(1), and has no applicability to federal
prisoners, who are "in custody under sentence of a court established by
Act of Congress," 28 U.S.C. § 2255(a), and who seek collateral relief by
way of § 2255. Congress, thus limited § 2244(b)(1) to successive

---

[4]      In *Avery*, the Solicitor General took the position that "[b]ecause
Congress . . . limited Section 2244(b)(1) to successive habeas
applications by state prisoners, Section 2244(b)(1) does not, in itself,
directly apply to federal prisoners who file successive Section 2255
motions." *Avery*, 2020 WL 832390, at *8 (U.S. Jan. 29, 2020).

applications by state prisoners, and did not extend its reach to federal prisoners. To conclude otherwise would render the "under section 2254" language in § 2244(b)(1) "superfluous." *Jones*, 36 F.4th at 983.

Nonetheless, despite the plain language of § 2244(b)(1), some courts of appeals have applied the provision to successive § 2255 motions. A few have done so without any reasoning whatsoever; therefore, they have no persuasive force here. *United States v. Winkleman*, 763 F.3d 134, 135 (3d Cir. 2014); *Gallagher v. United States*, 711 F.3d 315, 315 (2d Cir. 2013).

Others have reasoned in conclusory fashion that (i) because § 2255(h) cross-references § 2244 in its entirety, the bar on previously presented claims in § 2244(b)(1) must also apply in the federal-prisoner context and (ii) Congress would not have wanted to treat federal prisoners differently from their state counterparts. *See Winarske v. United States*, 913 F.3d 765, 768-69 (8th Cir. 2019); *In re Bourgeois*, 902 F.3d 446, 448 (5th Cir. 2018); *In re Baptise,* 828 F.3d 1337, 1339 (11th Cir. 2016); *White v. United States,* 371 F.3d 900, 901 (7th Cir. 2004);

15

*Taylor v. Gilkey*, 314 F.3d 832, 836 (7th Cir. 2002).  Neither rationale is

persuasive.

> ### 1.      The cross-reference in § 2255(h) to § 2244 cannot be sensibly read to include § 2244(b)(1).

Starting with the first point, "§ 2255(h)'s reference to § 2244's

certification requirement is much more sensibly read as referring to the

portions of § 2244 that actually concern the certification procedures, *see*

28 U.S.C. § 2244(b)(3)—the provisions, in other words, that 'provide[]'

for how such a 'motion [is to] be certified.'" *Williams*, 927 F.3d at 435

(quoting § 2255(h)).[5]  "By contrast, it makes no linguistic sense to direct

---

[5]      28 U.S.C. § 2244(b)(3) provides:

(A)    Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B)    A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C)    The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

16

a court to 'certif[y] as provided in section 2244[(b)(1)]' that a motion

contains the threshold conditions discussed in § 2255(h); what makes

linguistic sense is to direct a court to certify that those preconditions

are met in accordance with the procedures laid out in § 2244(b)(3)." *Id.*

Thus, as the Sixth Circuit concluded, "[t]here is [] 'no reason to doubt

that in' including the restrictive clause referring exclusively to state

prisoners in § 2244(b)(1), 'Congress said what it meant and meant what

it said.' " *Id.* (quoting *Loughlin v. United States*, 573 U.S. 351, 360

(2014)).

This reading is "underscored by the fact that Congress clearly

knew how to refer to federal prisoners (or all applicants) when it

wanted to do so." *Williams*, 927 F.3d at 435 (citing 28 U.S.C. § 2244(a)

and § 2244(b)(3)).  Indeed, some subsections of § 2244 contain state-

---

(D)  The court of appeals shall grant or deny authorization to file
a second or successive application not later than 30 days
after the filing of the motion.

(E)  The grant or denial of an authorization by a court of appeals
to file a second or successive application shall not be
appealable and shall not be the subject of a petition of
rehearing or for a writ of certiorari.

17

prisoner-specific language mirroring the language of § 2244(b)(1). *See*
28 U.S.C. § 2244(b)(2) ("habeas corpus application under section 2254");
*see also* 28 U.S.C. § 2244(c) ("habeas corpus proceeding [by] a person in
custody pursuant to the judgment of a state court"), (d)(1) (same). But
other provisions use federal-prisoner-specific language, *see* 28 U.S.C. §
2244(a) (referring to "the detention of a person pursuant to a judgment
of a court of the United States"). And still, other provisions do not use
any qualifying language at all, implying they are applicable to state and
federal prisoners alike. *See* 28 U.S.C. § 2244(b)(3)(A) ("second or
successive application"). These surrounding provisions reveal that the
reference in § 2244(b)(1) to a "habeas corpus application under section
2254" cannot be dismissed as inadvertent and must instead be
considered a conscious restriction that applies solely to state prisoners.
*See Russello v. United States,* 464 U.S. 16, 23 (1983) ("Where Congress
includes particular language in one section of a statute but omits it in
another section of the same Act, it is generally presumed that Congress
acts intentionally and purposely in the disparate inclusion or
exclusion.").

18

Indeed, had Congress intended to make any of the state-specific provisions in § 2244 applicable to federal defendants, it could have written those provisions using neutral language (as it did elsewhere in Section 2244), or it could have used a "notwithstanding any other provision of law"-type clause, which would have overridden those state-specific limitations, *see generally Shomberg v. United States*, 348 U.S. 540, 547 (1995) (explaining that "notwithstanding" clause overrides contrary language). But it did neither, and the most natural reading of the statute, as Congress chose to write it, indicates that it did not intend to apply § 2244(b)(1) to federal prisoners.

Moreover, a careful review of § 2244(b)(2)—a neighboring provision of § 2244(b)(1)—supports this reading. Specifically, § 2244(b)(2) sets forth the substantive gatekeeping requirements that must be satisfied before a court can authorize a successive petition for a state prisoner under § 2254.[6] If this Court were to find that the cross

---

[6]     28 U.S.C. § 2244(b)(2) provides:

A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

19

reference in § 2255(h)(2) to § 2244 incorporates all provisions of § 2244,
then that would mean § 2244(b)(2)'s gatekeeping requirements also
apply to § 2255 petitions.  But that cannot be right because the
substantive gatekeeping requirements for authorization of successive §
2255 petitions are contained within § 2255(h) itself, and they differ in
important respects from the substantive gatekeeping requirements that
apply to § 2254 in § 2244(b)(2).[7]  As the Ninth Circuit in *Jones*

------------------------

(A) the applicant shows that the claim relies on a new rule of
constitutional law, made retroactive to cases on collateral review
by the Supreme Court, that was previously unavailable, or

(B)(i) the factual predicate for the claim could not have been
discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of
the evidence as a whole, would be sufficient to establish by clear
and convincing evidence that, but for constitutional error, no
reasonable factfinder would have found the applicant guilty of the
underlying offense.

[7]     "For example, while § 2244(b)(2) requires a claim resting on newly
discovered facts to be one where 'the factual predicate for the claim
*could not have been discovered previously through the exercise of due
diligence*,' and that 'the facts underlying the claim . . . would be
sufficient to establish by clear and convincing evidence that, but for
*constitutional error*, no reasonable factfinder would have found the
applicant guilty of the underlying offense,' *see* 28 U.S.C. § 2244(b)(2)(B)

20

explained, "if [§ 2244(b)(2)] were also to apply to § 2255, it would . . . likely conflict with [§ 2255(h)'s gatekeeping] requirements." *Jones*, 36 F.4th at 983. Thus, it is only logical to conclude that neither § 2244(b)(1) nor (b)(2)—each of which is expressly limited to § 2254— governs federal prisoners under § 2255.

### 2. Policy reasons do not counsel in favor of applying § 2244(b)(1) to § 2255 motions.

Finally, "policy interests underlying AEDPA do not counsel in favor of applying § 2244(b)(1) to § 2255 motions." *Jones*, 36 F.4th at 984. "To begin with, comity and federalism concerns arise when a federal court reviews a state-court conviction, but not when it reviews a federal conviction." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722 (1991) (referring to the need to give states "the first opportunity" to correct violations of state prisoners' federal rights"); *McCleskey v. Zant*, 499 U.S. 467 (1991) (referring to "the State's interest in the finality of its criminal judgments")). "Such concerns do not occur when a federal

---

(emphasis added), § 2255(h) contains no due diligence or constitutional-error requirement, *see id.* § 2255(h)(1)." *Jones,* 36 F.4th at 983 n.6.

court of appeals reviews the judgment of a federal district court." *Jones,* 36 F.4th at 984.

Along these same lines, a state prisoner gets two bites at the apple—an opportunity to contest a state conviction through state post conviction proceedings as well as federal habeas proceedings through § 2254. Therefore, it makes sense that state prisoners' claims are more limited than that of federal prisoners who do not get these multiple bites in multiple criminal justice systems.

Likewise, "a reading of § 2244(b)(1) that permits the same claims to be presented in second or successive § 2255 motions does not contravene" Congress's "goal" in "ensuring finality of criminal judgments." *Jones,* 36 F.4th at 984. "Even though this interpretation may result in more applications for leave to file such motions before courts of appeals, it is doubtful that this would produce a wave of new district-court postconviction proceedings." *Id.* This is true because "even previously presented claims must satisfy the gatekeeping test in § 2255(h)" and motions that failed once are likely to fail again. *Id.*

22

And in any event, to the extent that policy considerations cut against the text at all, they are "insufficient to overcome the [plain] language and structure of § 2244(b)(1)." *Id*. *See Williams*, 927 F.3d at 427 (rejecting reading of § 2244(b)(1) that "is an unjustifiable contravention of plain statutory text").

In short, § 2244(b)(1) does not apply to bar applications for second or successive habeas relief under § 2255 predicated on previously filed claims.

**B.    Section 2244(b)(1) does not preclude authorization of Mr. Graham's successive § 2255 motion because he has not presented the same claim twice.**

Even assuming (arguendo) that § 2244(b)(1) governs § 2255 motions, it still does not preclude relief for Mr. Graham because his previous motion for authorization of a successive § 2255 motion was not predicated on the same *Davis* claim.  Rather, that previous application was premised on a challenge to his § 924(c) conviction solely based on *Johnson* and *Dimaya*.  JA53-54.  Although *Davis* is an extension of those cases, it is a *new* rule triggering a new claim, as this Court

23

recognized in *In re Thomas*, 988F.3d at 790.  Therefore, § 2244(b)(1) does not bar this new claim.

The Eleventh Circuit's decision in *In re Hammoud*, 931 F.3d 1032, 1040 (11th Cir. 2019) is directly on point.  In that case, like here, the movant originally filed a motion for authorization of a successive § 2255 motion challenging his § 924(c) conviction based on *Johnson* and *Dimaya.  Id.*  After that motion was denied, he applied again for authorization of a successive § 2255 motion based on *Davis.  Id.*  The Eleventh Circuit found that the *Davis* claim was not the same as his *Johnson* and *Dimaya* claim.  *Id.*  Therefore, § 2244(b)(1) did not preclude § 2255 relief.  *Id.*

The Court reasoned that "[a]lthough the rational underlying *Johnson* and *Dimaya* (on which Hammoud's prior 2018 successive application was based) is the same rationale that underlies *Davis* (on which Hammoud's present application is premised) . . . . *Davis* announced a new substantive rule of constitutional law in its own right, separate and apart from (albeit primarily based on) *Johnson* and *Dimaya." Id.*  Thus, the Court concluded that "Hammoud's present

24

claim is a new *Davis* claim, not a *Johnson or Dimaya* claim, and is therefore, not barred" by § 2244(b)(1). *Id.*

No reason exists why the Court should not find the same here with respect to Mr. Graham's *Davis* claim.

## CONCLUSION

In sum, Mr. Graham has made a prima facie showing that all the requirements of 28 U.S.C. § 2255(h)(2) are satisfied; therefore, he respectfully requests that this Court grant his motion and allow him to file a successive § 2255 motion predicated on *Davis*.

Respectfully submitted,

JAMES WYDA
Federal Public Defender

_____/s/_____
PARESH S. PATEL
Assistant Federal Public Defender
6411 Ivy Lane, Ste. 710
Greenbelt, Maryland
(301) 344-0600
paresh_patel@fd.org

25

## **CERTIFICATE OF COMPLIANCE**

1.     This Brief of Appellant has been prepared using Microsoft Word 2016 software, Century Schoolbook font, 14-point proportional type size.

2.     EXCLUSIVE of the corporate disclosure statement, table of contents, table of authorities, statement with respect to oral argument, any addendum containing statutes, rules, or regulations, and the certificate of service, this brief contains no more than 13,000 words, specifically 4,699 words.

I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions.  If the Court so requests, I will provide an electronic version of the brief and/or a copy of the word or line print-out.

September 12, 2022
Date

/s/ Paresh S. Patel
Paresh S. Patel
Assistant Federal Public Defender

26

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of September 2022, a copy of the foregoing pleading was delivered via electronic filing to Jonathan S. Tsuei, Special Assistant United States Attorney, Office of the United States Attorney, 6406 Ivy Lane, Ste. 800, Greenbelt, Maryland 20770.

_____/s/_____
Paresh S. Patel
Assistant Federal Public Defender

27